# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **K.P.**

**No. 20-0505** (Fayette County 19-JA-4)

**FILED**

**December 10, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner paternal great-aunt L.S., by counsel Robert Dunlap, appeals the Circuit Court of Fayette County's May 19, 2020, order denying her motion to reconsider the denial of her motion to intervene and request placement of the child, K.P.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem, Vickie L. Hylton ("guardian"), filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her motion to reconsider its denial of her motion to intervene seeking placement of the child.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2019, the DHHR filed an abuse and neglect petition against the parents of K.P. alleging that the mother tested positive for Subutex and Oxycontin and that K.P. was born drug exposed. The DHHR alleged that the child was born with withdrawal symptoms and required further hospitalization. The father was incarcerated at the time of the child's birth, having been charged with conspiracy to distribute methamphetamine. Upon K.P.'s removal, the DHHR obtained legal custody of the child, with physical custody given to the paternal aunt. The parents were adjudicated as abusing parents, after which, in May of 2019, the mother's parental

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

rights were involuntarily terminated. The father voluntarily relinquished his parental rights in July of 2019.

The paternal aunt and the child continued to reside in the paternal grandparents' home, with the plan of adoption, until August of 2019, when the DHHR removed the child due to the aunt's arrest for drug charges. After K.P.'s removal from the aunt's custody, the paternal grandparents filed various motions seeking placement and visitation with the child. The circuit court ultimately denied the paternal grandparents' motion for visitation, found they were not an appropriate placement for the child, and dismissed them from the case. The paternal grandparents appealed, and this Court affirmed the circuit court's decision in *In re K.P.*, No. 20-0096, 2020 WL 3470173 (W. Va. June 25, 2020)(memorandum decision).

On January 28, 2020, shortly after the paternal grandparents were denied placement and visitation, petitioner, then self-represented, filed a motion to intervene, a request for appointment of counsel, and a request for placement of the child. The circuit court held a hearing on petitioner's motion and the DHHR and guardian objected. By order entered on February 20, 2020, the circuit court denied petitioner's motions, finding that placing the child with petitioner was not in the child's best interest and that petitioner lacked standing to intervene. Petitioner did not appeal this order. Instead, three months later, petitioner filed a motion to reconsider the denial. The circuit court summarily denied this motion without a hearing by order entered on May 19, 2020. It is from this order that petitioner now appeals.[2]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

At the outset, we note that petitioner asks this Court to substantively review the denial of her motion to intervene seeking placement of the child, but petitioner is not entitled to such

---

[2]The parents' parental rights were terminated below. The permanency plan for the child is adoption in her current foster home.

review. As mentioned above, petitioner failed to timely appeal the circuit court's February 20, 2020, order denying her motion to intervene, request for counsel, and request for placement of the child. Instead, petitioner appeals the May 19, 2020, order denying her motion to reconsider, and our review is limited to this order. Despite the circuit court's consideration of petitioner's motion to reconsider, we have found that there is no provision for such a motion in Chapter 49 of the West Virginia Code or the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings. *In re B.M.*, No. 19-1044, 2020 WL 3469725, at *5 (W. Va. June 25, 2020)(memorandum decision). Accordingly, petitioner's motion to reconsider has no basis in law, and the fact that the circuit court considered petitioner's improper motion has no bearing upon this Court's determination that petitioner is entitled to no relief on appeal.

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 19, 2020, order is hereby affirmed.

Affirmed.

**ISSUED**: December 10, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison